IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **GORMAN JENKINS,** | : | **HABEAS CORPUS** |
| Petitioner, | : | **28 U.S.C. § 2241** |
| | : | |
| v. | : | |
| | : | |
| **WARDEN DARLEEN DREW,** | : | **CIVIL ACTION NO.** |
| Bureau of Prison, Atlanta Prison Camp, | : | **1:15-CV-2974-WSD-AJB** |
| | : | |
| Respondent. | : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER**
**AND FINAL REPORT AND RECOMMENDATION**

Petitioner, Gorman Jenkins, confined in the Atlanta Prison Camp in Atlanta, Georgia, challenges pursuant to 28 U.S.C. § 2241 his 2011 conviction and sentence, entered in the United States District Court for the Middle District of Florida. (Pet., ECF No. 1); *United States v. Jenkins*, No. 3:10-cr-00200-HES-JBT-1 (M.D. Fla. Aug. 11, 2011) (hereinafter "*Jenkins*"). The matter is before the Court for consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), as applied to § 2241 petitions. *See* Rules Governing Section 2254 Cases, Rule 1(b). Under Rule 4, the Court is required to order summary dismissal of

a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1]

## I. Discussion

Petitioner was indicted in the Middle District of Florida on one count of conspiring to distribute cocaine. Indictment, *Jenkins*. Petitioner pleaded guilty, and on August 10, 2011, the court imposed a 192-month term of imprisonment. *See* J.,

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Report and Recommendation ("R&R") provides such notice and opportunity to respond. *Cf. Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 Fed. Appx. 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (Martin, J., adopting Baverman, M.J.) (noting that R&R served as notice that claims would be *sua sponte* dismissed).

This Report and Recommendation constitutes fair notice to Petitioner that he is not entitled to relief under § 2241. As indicated in the Order for Service filed contemporaneously, Petitioner will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams*, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct.18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

*Jenkins*. Petitioner appealed, and on September 18, 2012, the Eleventh Circuit Court of Appeals affirmed the judgment against Petitioner. USCA Op., *Jenkins*. In October 2013, Movant sought relief via 28 U.S.C. § 2255. Mot. to Vacate, *Jenkins*. On May 14, 2014, the United States District Court for the Middle District of Florida denied Petitioner's motion to vacate. Order, May 14, 2014, *Jenkins*.

In his current § 2241 petition, Petitioner presents the following nine claims for relief: (1) his guilty plea's factual basis incorrectly stated the drug amount; (2) his guilty plea's factual basis showed only a buyer-seller relationship; (3) his guilty pleas's factual basis incorrectly stated the dates of the conspiracy; (4) his guilty plea was signed under duress and was based on ineffective assistance of counsel; (5) his guilty plea was signed under pressure based on the court's intervention in the plea discussion; (6) his guilty plea was based on ineffective assistance of counsel; (7) there was no conspiracy because the person Petitioner allegedly conspired with became a government informant in February 2010 (asserted as a newly discovered fact); (8) there are inconsistencies between the factual basis for his guilty plea, the indictment, and other documents; and (9) prosecutorial misconduct based on the presentation of the factual basis for the guilty plea. (Pet. at 1-1.2, 9-10, ECF No. 1.) In his § 2241 petition, Petitioner relies on three United States Supreme Court

3

opinions: *United States v. Davila*, _ U.S. _, 133 S. Ct. 2139 (2013), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Napue v. People of State of Ill.*, 360 U.S. 264 (1950). (Pet. at unnumbered page and at 1.2, 4.)

Section 2255(e) of Title 28 prohibits a federal district court from entertaining a federal prisoner's application for general habeas corpus relief under § 2241 if the applicant has not applied for, or has been denied, § 2255 relief, unless §2255 "is inadequate or ineffective to test the legality of his detention" – a provision commonly referred to as § 2255's savings clause. The petitioner bears the burden of showing that the savings clause applies. *Zelaya v. Sec'y, Fla. Dep't of Corr.*, _ F.3d _, _, 2015 WL 998431, at *8 (11th Cir. Aug. 24, 2015). In dicta, the Eleventh Circuit has stated that the savings clause applies to a claim that challenges a conviction when:

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Id.* at *9 (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). Although the above test is dicta when applied to a challenge to a conviction, the Eleventh Circuit has " 'never doubted that the savings clause, at the very least, applies to actual-innocence claims due to a conviction for a non-existent offense' " and never

4

"said whether any other circumstances might permit a prisoner to challenge his conviction in a § 2241 petition, rather than a § 2255 motion, short of a change in the governing law as explicated by the Supreme Court." *Id.* (citation omitted)). A petitioner must demonstrate to the Court that § 2255 is procedurally inadequate or ineffective, and he does not do so by "merely assert[ing] . . . a particularly weighty substantive claim" or actual innocence. *Id.* at 10-11.

Petitioner does not present any claim that is based on a retroactively applicable Supreme Court decision. *Haines* and *Napue* were available during Petitioner's trial, appeal, and first § 2255 proceedings. *Davila* – decided June 13, 2013, and available during his § 2255 proceedings – also does not help Petitioner. In *Davila*, the U.S. Supreme Court (1) found that a violation of Fed. R. Crim. P. 11(c)(1) (forbidding courts from taking part in plea discussions) is subject to harmless error analysis and (2) overruled Eleventh Circuit precedent that a Rule 11(c)(1) violation required automatic vacatur of a guilty plea. *Davila*, _ U.S. at _, 33 S. Ct. at 2143, 2145. As such, *Davila* does not show that Petitioner was convicted for a non-existent offense. Moreover, the now overturned Eleventh Circuit precedent was *more* favorable to a Rule 11(c)(1) claim than *Davila*. Thus, *Davila* cannot be said to have busted circuit law that foreclosed Petitioner's Rule 11(c)(1) claim. Petitioner has not shown that

§ 2255 is inadequate or ineffective. Because Petitioner has not carried his burden to show that he can proceed under the Savings Clause, this action must be dismissed.[2]

## II. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that this action be **DISMISSED**.

**IT IS ORDERED** that Petitioner's motion for an evidentiary hearing, [Doc. 2], is **DENIED** as moot.

The Clerk of Court is **DIRECTED** to withdraw the referral to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  2d   day of September, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Because Petitioner is a federal prisoner proceeding under § 2241, he is not required to obtain a certificate of appealability before filing an appeal. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

AO 72A
(Rev.8/82)