IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GORMAN JENKINS,

                Petitioner,

v.

WARDEN DARLEEN DREW,
Bureau of Prison, Atlanta Prison
Camp,

                Respondent.

1:15-cv-2974-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [3] ("R&R"). The R&R recommends Petitioner Gorman Jenkins's ("Petitioner") petition for writ of habeas corpus [1] ("Habeas Petition") be denied. Also before the Court are Petitioner's "Motion for Another 14 Day Time Extension to prepare for the Magistrate Judge's Order and Report and Recommendation Based on His Actual and Factual Innocence a Schlup Claim" [5] ("Motion for Extension of Time") and Objections to the R&R [6].

**I.     BACKGROUND**

Petitioner, confined in the Atlanta Prison Camp in Atlanta, Georgia, challenges, under 28 U.S.C. § 2241, his conviction and sentence.

Petitioner was indicted in the Middle District of Florida on one count of conspiring to distribute cocaine. Petitioner pleaded guilty, and, on August 10, 2011, the court sentenced him to 192 months imprisonment. On September 18, 2012, the Eleventh Circuit Court of Appeals affirmed the judgment against Petitioner. In October 2013, he moved the United States District Court for the Middle District of Florida to vacate his sentence under 28 U.S.C. § 2255. On May 14, 2014, the court denied Petitioner's Section 2255 petition.

Petitioner now moves under Section 2241, presenting nine claims for relief, including a claim of actual innocence. In support of his Habeas Petition, Petitioner relies on three United States Supreme Court opinions: United States v. Davila, ––– U.S. –––, 133 S.Ct. 2139 (2013); Haines v. Kerner, 404 U.S. 519 (1972); and Napue v. People of State of Ill., 360 U.S. 264 (1950).

On September 2, 2015, the Magistrate Judge issued his R&R. In it, he found that Petitioner could not move under Section 2241, because he did not meet his burden of showing that the savings clause applies. He found that Petitioner did not meet this burden because he did not present any claim that is based on a

retroactively applicable Supreme Court decision. (R&R at 5). The Magistrate Judge recommended denial of the Habeas Petition.

On September 16, 2015, Petitioner filed his Motion for Extension of Time, seeking an additional fourteen (14) days in which to file his Objections.

On September 18, 2015, Petitioner filed his Objections to the R&R. Petitioner "agree[s] with the Magistrate Judge's Rule [4] Error because he is absolutely correct." (Obj. at 2 (brackets in original)). He argues, however, that, in his Habeas Petition, he "inadvertently failed to cite [Schlup v. Delo] and [McQuiggn (sic) v. Perking] as Authority for this Honorable Court's jurisdiction over his actual innocence claims." (Id. (brackets in original)). Petitioner argues that Schlup v. Delo, 513 U.S. 298 (1995) and McQuiggin v. Perkins, ––– U.S. –––, 133 S. Ct. 1924 (2013) provide that Petitioner's actual innocence claim "serve[s] as a gateway through which [his habeas claims] may pass." (Id. at 1).

**II.   DISCUSSION**

    A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge

"shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.   Analysis

Section 2255 prohibits a court from entertaining a federal prisoner's application for habeas corpus relief under Section 2241 if the applicant has not applied for, or has been denied, Section 2255 relief, unless Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision is commonly referred to as Section 2255's "savings clause." The petitioner bears the burden of showing that the savings clause applies. Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

The Eleventh Circuit has stated that the savings clause applies to a claim that challenges a conviction when:

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)).

4

The Magistrate Judge found that Petitioner does not present any claim that is based on a retroactively applicable Supreme Court decision. (R&R at 5). He noted that <u>Haines</u> and <u>Napue</u> were available during Petitioner's trial, appeal, and Section 2255 proceedings. (<u>Id.</u>). The Magistrate Judge noted that <u>Davila</u>, which was available during Petitioner's Section 2255 proceedings, overturned precedent that was actually *more* favorable to Petitioner's Rule 11(c)(1) claim, and thus did not "bust[] circuit law that foreclosed Petitioner's Rule 11(c)(1) claim." (<u>Id.</u>). Petitioner does not object to these findings, and the Court finds no plain error in them. See <u>Slay</u>, 714 F.2d at 1095.

Petitioner objects to the R&R, relying on two cases he did not present to the Magistrate Judge. He argues that <u>McQuiggin</u> and <u>Schlup</u> allow the Court to consider his Habeas Petition. (Obj. at 1). The Court conducts its *de novo* review of this argument. See <u>Wainwright</u>, 681 F.2d at 732.[1]

In <u>McQuiggin</u>, the United States Supreme Court held that actual innocence can serve as a gateway through which a prisoner may bring his first post-conviction challenge despite the expiration of the relevant statute of limitations. 133 S. Ct. at 1928, 1934-36. A petitioner may only do so if the

---

[1] Petitioner's Motion for Extension of Time is granted, and the Court considers his Objections.

petitioner's claim of actual innocence meets the "demanding" standard set out by the Court in Schlup. Id. at 1936. Here, even assuming that Petitioner meets the Schlup standard, he would not be entitled to bring a Section 2241 petition.

"The McQuiggin Court emphasized that its holding concerned an *initial* habeas petition brought by a state prisoner; it did not discuss successive petitions by federal prisoners." Candelario v. Warden, 592 F. App'x 784, 785 (11th Cir. 2014) (dismissing Section 2241 petition where petitioner had previously filed an unsuccessful Section 2255 petition and subsequently raised a claim of actual innocence under Section 2241). Because Petitioner "attacks the validity of his sentence, not the manner of his confinement or execution of his sentence . . . he may bring a § 2241 petition only via the savings clause." Id. at 785-86. "[E]ven assuming McQuiggin is retroactively applicable and applies to federal prisoners," McQuiggin's holding "was limited to *initial* petitions for habeas corpus," and thus does not meet the requirements of the savings clause in this case. Id. at 786 (emphasis in original). This is the same rule applied in our circuit. See Zelaya, 798 F.3d at 1370.

Petitioner does not provide any other argument or authority to meet his burden to show that the savings clause applies. Petitioner's Section 2241 Habeas Petition is thus required to be denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Extension of Time [5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections to the R&R [6] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Alan J. Baverman's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 28th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE